UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIX PAZARAN, on behalf of himself and others similarly situated,<br><br>         Plaintiff,<br><br>    - against -<br><br>10th AVENUE GROUP, Inc. d/b/a 44 & X – HELLS KITCHEN RESTAURANT, SCOTT HART, and BRUCE HOROWYTZ,<br><br>         Defendants. | Case No. 1:18-cv-09335<br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendants 10th AVENUE GROUP, Inc. d/b/a 44 & X – HELLS KITCHEN RESTAURANT, SCOTT HART, and BRUCE HOROWYTZ (collectively "Defendants"), by and through their attorneys, Hang & Associates, PLLC, hereby provide their answer and defenses to Plaintiffs' Complaint (the "Complaint") and state as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff has brought this action pursuant to 29 U.S.C. §§201 et seq. ("FLSA") but otherwise deny the allegations in Paragraph 1 of the Complaint. Defendants specifically deny liability to Plaintiff or any other individual under the FLSA, the NYLL, or any other applicable laws or regulations, and deny that any similarly situated individuals exist.

2. Defendants admit that Plaintiff seeks damages under the NYLL but otherwise deny the allegations in Paragraph 2 of the Complaint. Defendants specifically deny liability to Plaintiff or any other individual under the FLSA, the NYLL, or any other applicable laws or regulations, and deny that any similarly situated individuals exist.

1

## JURISDICTION AND VENUE

3. Defendants state that Paragraph 3 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants state that Paragraph 4 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants lack information sufficient to form a belief as to the truth of the statement in Paragraph 5 of the Complaint. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants state that Paragraph 7 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 7 of the Complaint.

8. Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendants state that Paragraph 13 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 13 of the Complaint.

## STATEMENT OF FACTS

14. Defendants deny the allegations stated in paragraph 14 of the Complaint.

15. Defendants state that Paragraph 15 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations stated in paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants state that Paragraph 26 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

28. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further

answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 35 of the Complaint.

## CLASS ACTION ALLEGATIONS

36. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further

answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 39 of the Complaint.

40. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 40 of the Complaint.

41. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 44 of the Complaint.

45. Defendants admit that Plaintiff purport to bring an action on behalf of themselves and a purported putative class they seek to represent, the existence of which is denied. Further answering, Defendants deny that Plaintiff and the purported putative class they seek to represent are entitled to relief under any statute or law. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 45 of the Complaint.

**FIRST PURPORTED CAUSE OF ACTION**

**VIOLATION OF THE FLSA**

46. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

47. Defendants state that Paragraph 47 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 47 of the Complaint.

48. Defendants state that Paragraph 48 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants state that Paragraph 50 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 50 of the Complaint.

51. Defendants state that Paragraph 51 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 51 of the Complaint.

52. Defendants state that Paragraph 52 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 52 of the Complaint.

53. Defendants state that Paragraph 53 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 53 of the Complaint.

54. Defendants state that Paragraph 54 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 54 of the Complaint.

55. Defendants state that Paragraph 55 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 55 of the Complaint.

56. Defendants state that Paragraph 56 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 56 of the Complaint.

57. Defendants state that Paragraph 57 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 57 of the Complaint.

58. Defendants state that Paragraph 58 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 58 of the Complaint.

## **SECOND PURPORTED CAUSE OF ACTION**

## **VIOLATION OF THE NYLL**

59. Defendants repeat and reallege all paragraphs above as though fully set forth herein.

60. Defendants state that Paragraph 60 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 60 of the Complaint.

61. Defendants state that Paragraph 61 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 61 of the Complaint.

62. Defendants state that Paragraph 62 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 62 of the Complaint.

63. Defendants state that Paragraph 63 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 63 of the Complaint.

64. Defendants state that Paragraph 64 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 64 of the Complaint.

65. Defendants state that Paragraph 65 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 65 of the Complaint.

66. Defendants state that Paragraph 66 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 66 of the Complaint.

67. Defendants state that Paragraph 67 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 67 of the Complaint.

68. Defendants state that Paragraph 68 of the Complaint asserts legal conclusions that do not require a response. To the extent a further answer is deemed necessary, Defendants deny the remainder of the allegations contained in Paragraph 68 of the Complaint.

## PRAYER FOR RELIEF

Defendants admit only that Plaintiffs purport to seek judgment against Defendants for the relief referenced in the "WHEREFORE" Paragraph of the Complaint. Except as admitted herein, Defendants deny the allegations in this "WHEREFORE" Paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiff. Defendants reserve the right to amend their answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred because Defendants at all times acted in good faith, and all actions taken with regard to Plaintiff was taken for lawful business reasons.

## THIRD DEFENSE

Defendants have acted in good faith and have not violated any rights that may be secured to Plaintiff under any federal, state, or local laws, rules, regulations and guidelines.

## FOURTH DEFENSE

Plaintiff's claims are barred because of insufficient of service of process.

## FIFTH DEFENSE

The Complaint fails to state a claim for compensatory damages.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate or otherwise act to avoid, lessen or reduce any of the damages, injury or harm of which they now complain.

**SEVENTH DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff was paid all sums which may have been due to them under the applicable laws and their corresponding regulations.

**EIGHTH DEFENSE**

Plaintiff was barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

**NINTH DEFENSE**

Plaintiff's claims are barred because of insufficient process.

**TENTH DEFENSE**

The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the Fair Labor Standards Act.

**ELEVENTH DEFNSE**

Plaintiff's class claims are barred, in whole or in part, because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' right to a fair trial and to substantive and procedural due process in violation of the Fourteenth Amendment of the United States Constitution, including, without limitation, because Plaintiff is not an adequate class representative, there is no numerosity of purported class members, and there is no commonality or typicality of claims alleged in the instant lawsuit.

**TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the individually named

Defendants were not the employers of Plaintiff or any putative class members (the existence of which Defendants deny), were not the cause of Plaintiff's purported damages, and otherwise are not proper parties to this lawsuit or individually liable for the claims alleged by Plaintiff.

### THIRTEENTH DEFENSE

Defendants' actions regarding payroll practices and compliance with the Fair Labor Standards Act and New York Labor Law were in good faith and Defendants had reasonable grounds for believing their actions were in compliance with the Fair Labor Standards Act and New York Labor Law.

### FOURTEENTH DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff or any putative class members (the existence of which Defendants deny), if it is determined that such monies are owed, then Defendants assert that at all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

### FIFTEENTH DEFENSE

Although Defendants deny that they owe any unpaid wages or other amounts to Plaintiff or any putative class members (the existence of which Defendants deny), if it is determined that such monies are owed, Plaintiff or such class members are not entitled to liquidated damages because Defendants' actions with respect to the method of paying Plaintiffs or the class members were taken in good faith.

### SIXTEENTH DEFENSE

The Court should not exercise subject matter jurisdiction, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction. This defense

may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH DEFENSE

Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation. This defense may apply to the claims of some or all of the collective or class of allegedly similarly-situated persons.

## EIGHTEENTH DEFENSE

To the extent payments were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor and/or New York State Department of Labor, Defendants cannot be liable for relief or recovery. This or other statutory affirmative defense may apply to the claim of some or all of the class of alleged similarly-situated person.

## NINETEENTH DEFENSE

Plaintiff's Complaint is nor proper for treatment as a class action because, among other reasons: (1) Plaintiff is not adequate representatives of the purported class; (2) Plaintiff cannot establish commonality of claims; (3) Plaintiff cannot establish typicality of claims; (4) Plaintiff is not similarly situated to any current or former employee of Defendants; (5) the individualized nature of Plaintiff's claims renders class treatment inappropriate, and (6) the proposed class is not sufficiently numerous.

## TWENTIETH DEFENSE

Plaintiff cannot establish or maintain a collective action because it cannot be demonstrated that a collective action is superior to other methods available for adjudicating any controversy.

## TWENTY-FIRST DEFENSE

This action is not appropriate for collective action treatment because the facts and law common to the case, if any, are insignificant compared to the individual facts and issues particular to Plaintiffs and to each of the purported collective action members.

## TWENTY-SECOND DEFENSE

This case may not be maintained as a collective action because Plaintiffs are not similarly-situated to the other individuals who they purport to represent.

## TWENTY-THIRD DEFENSE

Assuming *arguendo*, Plaintiff is entitled to recover additional compensation on behalf of himself, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FOURTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims under N.Y. Lab. Law § 195 are barred because Defendants made complete and timely payment of all wages due or reasonably believed it was not required to provide notice required by N.Y. Lab. Law § 195. *See* N.Y. Labor Law § 198(1-d). This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-SIXTH DEFENSE

The individually named defendants were not Plaintiffs' employer, and as such, cannot be held liable under federal and/or state law. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-SEVENTH DEFENSE

Defendants were not Plaintiff's joint employers, and as such, Plaintiff lacks standing to maintain this action against all defendants. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-EIGHTH DEFENSE

Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due. This defense may apply to the claim of some or all of the class of allegedly similarly-situated persons.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as the corporate Defendant fails to satisfy the $500,000 gross income threshold required by the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et. seq.

### THIRTHIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, as Defendants were not engaged in interstate commerce.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to be and is not an adequate representative of the putative collective action "class" and, as such, the Court should not authorize notice to be issued or a

collective action to be maintained under the FLSA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent liability under the FLSA is established, Plaintiff's claims are subject to a two year statute of limitations pursuant to 29 U.S.C. § 255(a) as Defendants neither knew of any conduct that was prohibited by statute nor showed reckless disregard about whether it was.

## RESERVATION OF RIGHTS

Defendants reserve the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to Plaintiff's claims.

## DEFENDANTS' RELIEF REQUESTED

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request that:

A.  Plaintiff's Complaint be dismissed with prejudice in its entirety;

B.  Judgment be entered in Defendants' favor;

C.  Defendants be awarded their costs and attorneys' fees for being forced to defend itself against Plaintiffs' claims; and

D.  The Court award Defendants such other relief as it deems just and equitable.

**JURY TRIAL DEMAND**

Defendants request a jury trial on all issues so triable in this action.

Dated: November 27, 2018

> HANG & ASSOCIATES, PLLC.
>
> s/ *Daniel Tannenbaum*
> Daniel Tannenbaum, Esq.
> 136-20 38th Ave. Suite 10G
> Flushing, New York 11354
> Tel: (718) 353-8588
> Email: rqu@hanglaw.com
> *Attorneys for Defendants*

TO:
Cilenti & Cooper, PLLC
Giustino Cilenti, Esq.
708 Third Avenue – 6th Floor
New York, New York 10017
(212) 209-3933
*Attorneys for Plaintiffs*